FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FIRST INTERSTATE BANK, a Montana state-chartered bank,<br><br>Petitioner,<br>vs.<br><br>WALL STREET APARTMENTS, LLC, a Washington limited liability Company,<br><br>Respondent. | No. 2:26-cv-00446-RLP<br><br>ORDER DENYING REMOVAL AND DISMISSING CASE |

Before the Court are Wall Street Apartments, LLC's Motion to Expedite, ECF No. 4, and Motion to Deny Removal or to Remand, ECF No. 5. The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Court grants the motions and dismisses the matter.

The Court previously declared Alaa Elkharwily and Neil Humphries vexatious litigants and entered a pre-filing injunction prohibiting them, along with their associates and representatives, from filing further notices of removal

concerning the underlying state court receivership action. *First Interstate Bank v. Wall Street Apartments, LLC*, No. 2:24-cv-00154-TOR, ECF No. 25 at 11. In that order, Judge Thomas O. Rice specifically identified Richard Wylie as an attorney associated with Mr. Elkharwily and Mr. Humphries who had assisted with earlier removal proceedings. *Id.* at 8-9. On July 10, 2026, Judge Rice determined Mr. Wylie was subject to the pre-filing injunction, construed his prior notice of removal as a request for permission to remove, and denied the request. *First Interstate Bank v. Wall Street Apartments, LLC*, No. 2:26-mc-00010-TOR, ECF No. 24 at 2-3.

Despite that ruling, Mr. Wylie filed *another* Notice of Removal on October 2, 2026, without obtaining the Court's prior written permission. ECF No. 1. Although Mr. Wylie asserts that he is acting solely in his individual capacity and not as an associate of Mr. Elkharwily, ECF No. 1 at 2, the Court has already determined he is subject to the pre-filing injunction. Moreover, Mr. Elkharwily expressly joined Mr. Wylie's arguments for removal. ECF No. 1-3 at 2.

Consistent with the Court's prior ruling, the Court construes Mr. Wylie's Notice of Removal as a request for permission to remove the state court action. For the reasons previously articulated by this Court in its repeated orders addressing attempted removal of the same receivership action, the request is denied. *See First Interstate Bank v. Wall Street Apartments, LLC*, Nos. 2:23-cv-00376-TOR, 2:24-

cv-00115-TOR, 2:24-cv-00144-TOR, 2:24-cv-00154-TOR, 2:24-cv-00237-TOR, and 2:26-mc-00010-TOR.

The Court is troubled by Mr. Wylie's continued disregard of the pre-filing injunction and this Court's prior orders. Just three months ago, Judge Rice expressly determined Mr. Wylie was subject to the injunction and denied his request to remove this same state court action. Nevertheless, Mr. Wylie has again attempted removal without obtaining the required permission. **Mr. Wylie is expressly warned that any further attempts to circumvent the pre-filing injunction may result in monetary sanctions and proceedings to determine whether additional filing restrictions, including an independent vexatious-litigant designation, are warranted.** *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-62 (9th Cir. 2014). The Court will not permit repetitive and frivolous filings to continue to interfere with the orderly administration of justice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Wall Street Apartments, LLC's Motion to Expedite, **ECF No. 4**, is **GRANTED**.

2. Wall Street Apartments, LLC's Motion to Deny Removal or to Remand, ECF No. 5, is **GRANTED**.

3. Richard Wylie's construed Request for Permission to Remove, **ECF No. 1**, is **DENIED**.

4. This matter is **DISMISSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, furnish copies to counsel, Richard Wylie, and Alaa Elkharwily, and mail a certified copy of this Order to the Clerk of the Spokane County Superior Court. The District Court Executive is also directed to **CLOSE THE CASE**.

**DATED** October 13, 2026.

REBECCA L. PENNELL
DISTRICT COURT JUDGE